564 S.E.2d 668

**In the Matter of Former Aiken County Magistrate Joey L. ADDIE, Respondent.**

No. 25478.

Supreme Court of South Carolina.

Submitted May 7, 2002.

Decided June 3, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

James E. Whittle, of Columbia, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent has also resigned his position and has agreed never to apply for a judicial office in South Carolina without the express written permission of the Supreme Court of South Carolina. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose in these circumstances. The facts as set forth in the agreement are as follows.

### Facts

Respondent served as a Magistrate in Aiken County from March 1989 until February 2001. In December 2000, Judge Roger E. Edmonds, the Chief Summary Judge for Aiken County, received a report that there had been shortages in respondent's daily office deposits. Edmonds was also informed that respondent failed to deposit cash payments for fines collected during bond/traffic court on November 13, 2000. As a result of this information, Edmonds and Terry Bodiford, Director of the Aiken County Finance Department, scheduled an audit/records check of respondent's office for December 15, 2000.

When the audit team arrived at respondent's office on the scheduled day, respondent was not present. The team could not locate the uniform receipt book used to record and maintain receipts for all money collected. At Edmond's direction, respondent's staff telephoned respondent at home, informed

him that an audit was being conducted, and instructed respondent to bring the receipt book to the office.

When respondent arrived, he informed Edmonds that he made a "terrible mistake," which he discovered upon opening his briefcase and finding $1,000. Respondent stated that he had determined that the money was related to two receipts written on November 13, 2000, in connection with the cash payment of two fines. One receipt in the amount of $550 was for money received for a court fine paid on a case in respondent's court. The other receipt in the amount of $425 was for money received by respondent for another magistrate in payment of a fine.

From the $1,000, respondent counted out $975, the sum of the two undeposited receipts. He gave the money to Edmonds to be deposited in the office's bank account.

In the criminal investigation conducted by the South Carolina Law Enforcement Division (SLED), respondent gave a written statement. In this statement, respondent admitted that he received fine money totaling $975 while working bond/traffic court and that he personally issued receipts and took the money because the court employee who normally handled those duties was not available. Respondent explained that he failed to deposit the money that day because, by the time he left the office, the bank was closed. Respondent further explained that, over the next several days, he simply forgot about the money.

In a later statement, respondent admitted spending forty to fifty dollars of the money on personal items. Respondent explained to SLED that he planned to replace the money from his next paycheck. Respondent further explained that, because of the holidays, he forgot about the money until the 8th or 10th of December and that he planned to replace the money on December 15. However, by this time, Edmonds had inquired about the missing money. Respondent told SLED that, as a result, he panicked, put $100 of his own money in with the court fine money, and returned the money, receipt book, and paperwork to Edmonds.

Respondent pled guilty to embezzlement of public funds and was sentenced to five years imprisonment, suspended upon

probation for 30 months and 250 hours of public service employment.

## *Law*

Respondent admits that his conduct violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 1(A) (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); Canon 3(A) (the judicial duties of a judge take precedence over all the judge's other activities); Canon 3(B)(2) (a judge shall be faithful to the law); Canon 3(C)(1) (a judge shall diligently discharge his administrative responsibilities and should cooperate with other judges and court officials in the administration of court business); and Canon 4(D)(1)(a) (a judge shall not engage in financial and business dealings that may reasonably be perceived to exploit the judge's judicial position).

Respondent admits that these violations also constitute grounds for discipline under the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (violating the Code of Judicial Conduct); Rule 7(a)(3) (being convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(7) (wilfully violating a valid court order).

## *Conclusion*

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek another judicial position in South Carolina unless first authorized to do so by this Court. As previously noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his

duties as a magistrate. Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.